T.C. Summary Opinion 2006-181


UNITED STATES TAX COURT


JOE W. JACOBS, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 16339-05S.                Filed November 6, 2006.


Joe W. Jacobs, pro se.

<u>Shannon Edelstone</u>, for respondent.


DEAN, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463.  Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.

Respondent determined for 2003 a deficiency in petitioner and Ivy D. Jacobs's (Mrs. Jacobs) Federal income tax of $878. The sole issue for decision is whether Social Security benefits received by petitioner and Mrs. Jacobs during 2003 are includable in gross income under section 86(a).

## Background

The stipulation of facts and the exhibits received into evidence are incorporated herein by reference. At the time the petition in this case was filed, petitioner resided in Oakland, California.

Petitioner and Mrs. Jacobs, now deceased, jointly filed for 2003, Form 1040, U.S. Individual Income Tax Return, reporting Social Security benefits of zero and adjusted gross income of $36,655.39. Mrs. Jacobs died on June 3, 2004.

On March 28, 2005, respondent issued to petitioner and Mrs. Jacobs a notice known as a CP2000, or Revenue Agent Report (RAR). The RAR notified petitioner and Mrs. Jacobs that they failed to include in their gross income for 2003, Social Security benefits of $2,556 and $9,908 received by petitioner and Mrs. Jacobs, respectively, during that year. Petitioner made a Social Security repayment of $169 in 2003. The RAR also indicated, as a computational adjustment, that the proposed changes to their gross income would reduce the amount of medical expenses allowed as an itemized deduction on Schedule A.

On June 20, 2005, respondent issued to petitioner and Mrs. Jacobs a statutory notice of deficiency for 2003.

## Discussion

The Commissioner's determinations are presumed correct, and generally taxpayers bear the burden of proving otherwise. Rule 142(a)(1); <u>Welch v. Helvering</u>, 290 U.S. 111, 115 (1933).[1]

Petitioner argues that the Social Security benefits received by Mrs. Jacobs in 2003 are excludable from gross income because they were disability payments. Even if Mrs. Jacobs had received Social Security benefits by reason of a disability, the benefits might be taxable under section 86(a).

Prior to 1984, certain payments made in lieu of wages to an employee who was retired by reason of permanent and total disability were excludable from the employee's gross income under section 105(d). However, the Social Security Amendments of 1983, Pub. L. 98-21, sec. 122(b), 97 Stat. 87, repealed the limited exclusion of disability payments provided by section 105(d), effective with respect to taxable years beginning after 1983. Since 1984, Social Security disability benefits have been treated in the same manner as other Social Security benefits and are subject to tax under section 86. <u>Reimels v. Commissioner</u>, 123 T.C. 245, 247 (2004), affd. 436 F.3d 344 (2d Cir. 2006); <u>Joseph</u>

_____

[1]Since this case is decided by applying the law to the undisputed facts, sec. 7491 is inapplicable.

v. Commissioner, T.C. Memo. 2003-19; Thomas v. Commissioner, T.C. Memo. 2001-120.

Section 61(a) provides that gross income includes all income from whatever source derived, unless excludable by a specific provision of the Code. Section 86 requires the inclusion of a portion of Social Security benefits in gross income if the taxpayer's adjusted gross income, with certain modifications not relevant here, plus one-half of the Social Security benefits received, exceeds a specified base amount. Sec. 86(b). For taxpayers filing a joint return, the base amount is $32,000. Sec. 86(c)(1)(B).

Petitioner's modified adjusted gross income was $36,655.39. One-half of the total Social Security benefits received was $6,147.50 (($12,464 - repayment of $169)/2). The amount determined under section 86(b)(1)(A), $42,802.89 ($36,655.39 + $6,147.50), exceeds the base amount of $32,000. Therefore, a portion of petitioner's Social Security benefits is taxable under section 86(a).

Section 86(a) provides that gross income includes the lesser of: (1) One-half of the Social Security benefits received during the year, or (2) one-half of the excess described in section 86(b)(1). The includable percentage is increased, however, if the amount determined under section 86(b)(1)(A) exceeds the

adjusted base amount of $44,000, in the case of a joint return. See sec. 86(a)(2), (c)(2)(B).

The increased percentage is not applicable because petitioner did not exceed the threshold for the adjusted base amount. One-half of the excess described in section 86(b)(1) was $5,401.45 (($42,802.89 - $32,000)/2), which is less than one-half of the total Social Security benefits received.

Accordingly, the Court sustains respondent's determination that $5,401 of the Social Security benefits received by petitioner and Mrs. Jacobs in 2003 is includable in their gross income for that year.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent.</u>