T.C. Memo. 2008-254

UNITED STATES TAX COURT

ELOUISE LORRETA AND RAYMOND ALBERT HAWKINS, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 24567-06.                    Filed November 12, 2008.

Elouise Lorreta Hawkins and Raymond Albert Hawkins, pro
sese.

<u>Elizabeth Downs</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

HAINES, <u>Judge</u>:  Respondent determined deficiencies and
penalties with respect to petitioners' Federal income taxes as
follows:

| Year | Deficiency | Accuracy-related penalty Sec. 6662(a) |
|------|-----------|---------------------------------------|
| 2003 | $10,042 | $2,008 |
| 2004 | 5,907 | 1,181 |

The issues for decision after concessions are: (1) Whether petitioners are entitled to deductions claimed on Schedules C, Profit or Loss From Business, of $45,666 and $44,458 for 2003 and 2004, respectively; (2) whether petitioners received and did not report taxable Social Security income of $9,703 for 2003;[1] (3) whether petitioners are subject to self-employment tax of $3,328 and $333 and are entitled to self-employment tax deductions of $1,664 and $167 for 2003 and 2004, respectively; (4) whether petitioners overstated their Schedule C income for 2003 and 2004; (5) whether petitioners are entitled to a theft loss deduction for 2004; and (6) whether petitioners are liable for a section 6662(a) penalty for 2003 and 2004.[2]

FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulation of facts and the supplemental stipulation of facts, together with attached exhibits, are incorporated herein

---

[1]Respondent concedes petitioners' taxable Social Security benefits for 2004 should be decreased by $191, rather than increased by $6,750.

[2]Unless otherwise indicated, all section references are to the Internal Revenue Code, as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure. Amounts are rounded to the nearest dollar.

by this reference.  Petitioners were married during the years at issue, and when they filed their petition they resided in Arkansas.

In 2003 and at least some portion of 2004, Mrs. Hawkins operated a children's therapy business.  Mrs. Hawkins called her business "Duchess Love-N-Hugs/Kids II" on petitioners' 2003 joint Form 1040, U.S. Individual Income Tax Return, and "Duchess/Kids II" on their 2004 return.  Mrs. Hawkins provided the physical space in which the therapy was conducted and arranged for transportation of the children to and from therapy.  An occupational therapist and a speech therapist provided the therapy because Mrs. Hawkins was not a therapist.  Petitioners billed and received payment from Medicaid for therapy services from February through June of 2003 of over $36,000.

On March 19, 2004, petitioners' residence was burglarized and the following items were stolen:  77 brass fixtures, 16 glassware items, 2 lamps, and 2 brass lamps.  A police report detailing the incident indicates that petitioners estimated that the total value of the goods stolen was $1,170.

Petitioners reported gross income on their Schedules C of $31,000 for 2003 and $6,800 for 2004.  Petitioners failed to report that they had Social Security Income in 2003.

On August 24, 2006, respondent sent petitioners a notice of deficiency denying petitioners' deductions for Schedule C

expenses claimed with respect to Duchess Love-N-Hugs/Kids II and Duchess/Kids II.  The disallowed Schedule C expenses comprised the following items:

| Expense | 2003 | 2004 |
|---|---|---|
| Wages | $24,800 | $4,200 |
| Utilities | 4,369 | 5,361 |
| Supplies | 120 | 5,380 |
| Rent | 1,800 | n/a |
| Office expense | 1,550 | 115 |
| Legal/professional | 853 | 475 |
| Employee benefits | 2,968 | n/a |
| Depreciation/sec. 179 | 2,011 | (191) |
| Contract labor | 1,859 | 23,420 |
| Car and truck | 5,071 | 3,675 |
| Advertising | 265 | 885 |
| Insurance | n/a | 1,138 |
| Total | 45,666 | 44,458 |

Petitioners submitted a timely petition, and trial was held on February 4, 2008.

OPINION

I.   Business Expense Deductions

As a preliminary matter, Rule 34(b)(5) requires that a taxpayer's petition contain clear and concise statements of fact to support the allegations of the Commissioner's errors.  The only business expense issue raised in petitioners' petition deals with respondent's disallowance of petitioners' deduction for wages.  Accordingly, we deem respondent's determinations regarding all other business expenses conceded.  See Rule 34(b)(4); Funk v. Commissioner, 123 T.C. 213 (2004).

Deductions are a matter of legislative grace, and the taxpayer must prove he or she is entitled to the deductions claimed. Rule 142(a); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). The burden of proof may shift to the Commissioner under section 7491(a) with respect to a factual issue relevant to the liability of the taxpayer for tax if the taxpayer introduces credible evidence regarding the issue and establishes compliance with the requirements of section 7491(a)(2)(A) and (B) by substantiating items, maintaining required records, and fully cooperating with the Secretary's reasonable requests. As discussed below, we find that petitioners have failed to substantiate their claimed expenses and to maintain adequate records. The burden of proof, therefore, does not shift to respondent under section 7491(a).

Section 162(a) provides that "There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business". The regulations specify that ordinary and necessary business expenses include "the ordinary and necessary expenditures directly connected with or pertaining to the taxpayer's trade or business", sec. 1.162-1(a), Income Tax Regs., such as "a reasonable allowance for salaries or other compensation for personal services actually rendered", sec.

1.162-7(a), Income Tax Regs. Taxpayers are required to maintain records sufficient to establish the amount of allowable deductions and to enable the Commissioner to determine the correct tax liability. Sec. 6001; Shea v. Commissioner, 112 T.C. 183, 186 (1999).

Petitioners produced no business records or other documentary evidence to support the deductions respondent disallowed with respect to their 2003 and 2004 Schedules C. Petitioners failed to establish that they expended the specific amounts in issue for the purposes claimed or that the expenditures were ordinary and necessary to the conduct of Mrs. Hawkins' therapy business.

The only deduction items Mrs. Hawkins addressed in her testimony at trial were the Schedule C wage deductions. Mrs. Hawkins testified that, before June 2003, she received all payments made by Medicaid for speech and occupational therapy, but paid 80 percent of the amount received to the speech and occupational therapist who provided the therapy services to the clients. Mrs. Hawkins testified that after June 2003 she continued to operate the business as before but was compensated by the therapists at a rate of 20 percent of the amount they billed Medicaid for their services. However, petitioners failed to present evidence, such as bank or business records, establishing the correct amount of the payments they made to or

received from their therapists.  Mrs. Hawkins' testimony is insufficient to establish entitlement to wage deductions.

As a general rule, if the trial record provides sufficient evidence that the taxpayer has incurred a deductible expense, but the taxpayer is unable to substantiate adequately the precise amount of the deduction to which he or she is otherwise entitled, the Court may estimate the amount of the deductible expense and allow the deduction to that extent.  Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930); Vanicek v. Commissioner, 85 T.C. 731, 742-743 (1985); Sanford v. Commissioner, 50 T.C. 823, 827-828 (1968), affd. per curiam 412 F.2d 201 (2d Cir. 1969); sec. 1.274-5T(a), Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985).  In these instances, the Court is permitted to make as close an approximation of the allowable expense as it can, bearing heavily against the taxpayer whose inexactitude is of his or her own making.  Cohan v. Commissioner, supra at 544. However, in order for the Court to estimate the amount of an expense, the Court must have some basis upon which an estimate may be made.  Vanicek v. Commissioner, supra at 742-743.  Without such a basis, any allowance would amount to unguided largesse. Williams v. United States, 245 F.2d 559, 560-561 (5th Cir. 1957).

While it is reasonable to conclude that petitioners paid the therapists some portion of their Medicaid receipts before June 2003, the record is devoid of anything that would allow us to

approximate this expense.  Mrs. Hawkins' testimony indicates that after June 2003 she did not pay wages to the therapists from her earnings.  Nothing in the record indicates petitioners' entitlement to any other business expenses, much less the amount of such expenses.  Consequently, we will not apply the Cohan rule to estimate the amount of petitioners' business expenses.

## II.  Social Security Income

Section 86 requires taxpayers to include in gross income up to 85 percent of any Social Security benefits received.  Reimels v. Commissioner, 123 T.C. 245, 247-248 (2004), affd. 436 F.3d 344 (2d Cir. 2006).  Respondent determined that petitioners received Social Security benefits of $11,415 and taxable Social Security benefits of $9,703 in 2003.  Petitioners did not contest this determination in their petition or at trial.  Accordingly, petitioners are deemed to have conceded this issue.  See Rule 34(b)(4); Funk v. Commissioner, supra.

## III. Self-Employment Tax

Respondent determined Mrs. Hawkins' net profit from the operation of her therapy business in 2003 and 2004 constituted self-employment income and was subject to self-employment tax. Petitioners bear the burden of proving that determination incorrect.  Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933); Yip v. Commissioner, T.C. Memo. 2007-139.

Self-employment tax is imposed on the self-employment income of every individual for old-age, survivors, and disability insurance, and hospital insurance. Sec. 1401(a) and (b). Self-employment income includes net earnings from self-employment derived by an individual during a taxable year. Sec. 1402(b). The term "net earnings from self-employment" means the gross income derived by an individual from a trade or business of that individual, reduced by allowable deductions attributable to that trade or business. Sec. 1402(a).

Petitioners offered no testimony or other evidence on this issue. Accordingly, we find that petitioners are subject to self-employment tax of $3,328 and $333 and are entitled to self-employment tax deductions of $1,664 and $167 for 2003 and 2004, respectively.

IV. Schedule C Income

Petitioners claim that they overstated their income from the therapy business. Petitioners bear the burden of proof on new issues raised in their petition. See Rule 142(a).

Petitioners presented no evidence to support their allegation that receipts from Mrs. Hawkins' therapy business were overstated in either year at issue. The only documentary evidence submitted at trial, Mrs. Hawkins' partial Medicaid billing record, indicates that she received over $36,000 in 2003. This is substantially more than the $31,000 petitioners reported

on their 2003 return.  Accordingly, we find that petitioners did not overstate their Schedule C income in either year at issue.

V.   Theft Loss

Petitioners assert that they operated a resale shop within their residence which was burglarized in 2004.  As a general rule, under section 165 a taxpayer may deduct any loss sustained during a taxable year, including a loss from theft which is not compensated by insurance or otherwise, if the taxpayer meets the requirements of section 165 and related regulations.  A theft loss is treated as sustained when discovered.  Sec. 165(e).  A loss proven to have been incurred in conduct of a trade or business is fully deductible, but personal casualty losses are allowed only to the extent that the amount of loss from each casualty exceeds $100 and only if the total amount of casualty losses for the taxable year exceeds 10 percent of the adjusted gross income of the taxpayer.  Sec. 165(c)(3), (h)(1) and (2)(A). Petitioners have the burden of proof as to the occurrence of the loss and its amount.  See Burnet v. Houston, 283 U.S. 223 (1931).

Petitioners filed no Schedule C reflecting the operation of a resale shop in 2004, nor did they present business records pertaining to the operation of a resale shop.  Petitioners also presented no evidence of the cost or of the fair market value of the items they claim were stolen.  Petitioners have not met their burden of proof and are not entitled to a theft loss deduction in

2004. See <u>Fingar v. Commissioner</u>, T.C. Memo. 1997-557, affd. without published opinion 176 F.3d 493 (11th Cir. 1999); <u>Sobhani v. Commissioner</u>, T.C. Memo. 1990-150.

VI. <u>Section 6662 Penalty</u>

Section 6662(a) and (b)(2) imposes an accuracy-related penalty upon any underpayment of tax resulting from a substantial understatement of income tax. The penalty is equal to 20 percent of the portion of any underpayment attributable to a substantial understatement of income tax. <u>Id.</u> The term "substantial understatement" is defined as exceeding the greater of: (1) 10 percent of the tax required to be shown on the return for the taxable year, or (2) $5,000. Sec. 6662(d)(1)(A). Section 6662(a) and (b)(1) also imposes a penalty equal to 20 percent of the amount of an underpayment attributable to negligence or disregard of rules or regulations. Negligence includes any failure to make a reasonable attempt to comply with the provisions of the Internal Revenue Code. Sec. 6662(c).

We hold that petitioners are liable for the penalty for substantial understatement of income tax in 2003 and negligence in 2004. Petitioners' understatement of income tax as reflected in the notice of deficiency is greater than $5,000 and 10 percent of the tax required to be shown on the return in each of the years 2003 and 2004. Respondent's concession with respect to the Social Security income adjustment for 2004 will reduce

petitioners' understatement of income tax for that year to less than $5,000, thus preventing the understatement for 2004 from being a "substantial understatement". However, petitioners' failure to produce any business records or other credible evidence to support their Schedule C expense deductions supports the imposition of the accuracy-related penalty for negligence for 2004. Thus, respondent has met his burden of production under section 7491(c).

An accuracy-related penalty is not imposed on any portion of the underpayment as to which the taxpayer acted with reasonable cause and in good faith. Sec. 6664(c)(1). The taxpayer bears the burden of proof with regard to those issues. Higbee v. Commissioner, 116 T.C. 438, 446 (2001).

Petitioners have failed to show reasonable cause, substantial authority, or any other basis for reducing the penalties. Mrs. Hawkins testified that she was unable to show documentation supporting her deductions because of the emotional and physical stress she endured because of the death of her grandson by homicide in September 2003. The Court sympathizes with petitioners for their loss. Unfortunately, given the dearth of evidence to substantiate petitioners' business income, business expenses, and theft loss, we are unable to mitigate the penalties. Accordingly, we find petitioners liable for the section 6662 penalty for 2003 and 2004 as commensurate with

respondent's concessions and our holding.  See <u>Higbee v.</u> <u>Commissioner</u>, <u>supra</u> at 446.

In reaching these holdings, the Court has considered all arguments made and, to the extent not mentioned, concludes that they are moot, irrelevant, or without merit.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.