T.C. Memo. 2009-207

UNITED STATES TAX COURT

PEGGY L. AND BRADY N. RICHMOND, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 27937-07.          Filed September 14, 2009.

    R determined a deficiency in Ps' 2005 Federal income
tax.

    <u>Held</u>: Ps are liable for the deficiency as determined by
R.


Peggy L. and Brady N. Richmond, pro sese.

<u>Joseph T. Ferrick</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

WHERRY, Judge:  Petitioners are husband and wife. Respondent determined that petitioners are liable for a $1,466 Federal income tax deficiency for their 2005 tax year. Petitioners petitioned the Court to redetermine that deficiency. The issues for decision are:

(1) Whether $10,051 of the $11,825[1] in Social Security benefits that Mr. Richmond received in 2005 is includable in petitioners' 2005 gross income;

(2) whether $165 of interest income that petitioners earned in 2005 is includable in their 2005 gross income;

(3) whether petitioners are entitled to an additional child tax credit of $1,157; and

(4) whether petitioners are entitled to an earned income credit.

FINDINGS OF FACT

Some of the facts have been stipulated, and the stipulated facts and accompanying exhibits are hereby incorporated by

---

[1]Mr. Richmond's 2005 Form SSA-1099, Social Security Benefit Statement, indicated that his net Social Security benefits for 2005 were actually $11,825.60.  Respondent apparently rounded that figure down to $11,825 and then used that rounded figure in calculating how much of Mr. Richmond's Social Security benefits should be included in gross income.  Despite the apparent rounding mistake, we will use the $11,825 figure used by the parties throughout this case.

reference into our findings. At the time they filed their petition, petitioners resided in Illinois.

During 2005 Mr. Richmond received $15,126.87 in wages, $11,825.60 in Social Security benefits, and a $5,453 taxable pension distribution. During that same year Ms. Richmond received a $29,503 taxable pension distribution.[2] In addition, $165 of interest income was deposited into accounts owned by petitioners. Petitioners filed a joint Form 1040, U.S. Individual Income Tax Return, for their 2005 tax year. They did not report Mr. Richmond's Social Security benefits or their interest income on the return.

On September 4, 2007, respondent sent petitioners a notice of deficiency indicating that they are liable for a $1,466 Federal income tax deficiency for their 2005 tax year. Petitioners, on December 4, 2007, filed a timely petition with the Court. A trial was held on September 22, 2008, in Chicago, Illinois.

OPINION

I. Taxability of Mr. Richmond's Social Security Benefits

Since 1983, section 86 has required some taxpayers to include a portion of their Social Security benefits in gross

---

[2]Ms. Richmond used the simplified method to determine a lower taxable amount than the $31,685.72 that appears on her Form 1099-R, Distributions From Pensions, Annuities, Retirement or Profit-Sharing Plans, IRAs, Insurance Contracts, etc. Respondent did not dispute this reduced amount.

income.[3]  Reimels v. Commissioner, 123 T.C. 245, 247 (2004),
affd. 436 F.3d 344 (2d Cir. 2006).  Before then, Social Security
benefits were not taxed.  Congress evidently believed that a
change was necessary to "shore up the solvency of the Social
Security trust funds and to treat 'more nearly equally all forms
of retirement and other income that are designed to replace lost
wages'."  Id. (quoting S. Rept. 98-23, at 25 (1983), 1983-2 C.B.
326, 328).  "[B]y taxing only a portion of the benefits, Congress
intended to allow taxpayers some cost recovery for their
contributions (i.e., for the taxes they pay into the Social
Security system)."  Roberts v. Commissioner, T.C. Memo. 1998-172,
affd. without published opinion 182 F.3d 927 (9th Cir. 1999).

The formula for determining the portion of Social Security
benefits includable in gross income, if any, is set forth in
section 86.  Although somewhat complex, the formula provides that
taxpayers who file a joint return and whose modified adjusted
gross income plus one-half of the Social Security benefits
received exceeds an "adjusted base amount" of $44,000 must
include 85 percent of the Social Security benefits in gross
income.  Sec. 86(a)(2), (c)(2).

Petitioners assert that they were not required to include in
gross income any portion of Mr. Richmond's $11,825 of Social

---

[3]All section references are to the Internal Revenue Code of
1986, as amended and in effect for the tax year at issue.

Security benefits.[4] They make a number of arguments to support their assertion. First, they argue that an Internal Revenue Service (IRS) agent told Ms. Richmond not to report the benefits on petitioners' return. Second, they assert that the instructions to the 2005 Form 1040 indicated that Social Security benefits should not be included in income unless the taxpayer's filing status is married filing separate. Third, in their brief, petitioners argue that the Form SSA-1099, Social Security Benefit Statement, that Mr. Richmond received from the Social Security Administration (SSA) informed them that they should not send a copy of the form to the IRS. Fourth, they also note that Social Security benefits are excluded from income in Illinois.

Fifth, Ms. Richmond argues that she did not receive Social Security benefits in 2005 and that she should not be taxed on the benefits that her husband received. She considers this a violation of her rights and contends that respondent is

---

[4]In their brief petitioners refer to the taxation of Social Security benefits as "employment taxes". That is not an accurate description. The term "employment taxes" commonly refers to taxes imposed under the Federal Insurance Contributions Act (FICA) and the Federal Unemployment Tax Act (FUTA). See secs. 3101, 3111, 3301. The FICA tax is a 15.3-percent tax on the wages of an employee. Secs. 3101, 3111. Employers and employees each pay half of the FICA tax, and the employer is required to withhold the employee's portion. Secs. 3101, 3102(a), 3111. The taxes collected under FICA are used to fund Social Security and Medicare. In other words, employment taxes are taxes on wages that are used in part to fund Social Security. When an individual receives Social Security benefits, however, those benefits constitute income and are subject to the income tax, not the employment tax. Secs. 1, 61, 63, 86.

improperly treating petitioners as though they live in a community property State.[5]  Finally, petitioners assert that respondent is improperly factoring in Ms. Richmond's pension distribution when calculating how much of Mr. Richmond's Social Security benefits is taxable under section 86.  They believe that this results in a "double TAX on my [Ms. Richmond's] one pension item which was already included in income."

As explained below, we are not persuaded by any of petitioners' arguments.  Mr. Richmond received $11,825 in Social Security benefits in 2005; and together, petitioners' modified adjusted gross income plus one-half of the Social Security benefits received exceeded $44,000.  Accordingly, under section 86, petitioners are required to include 85 percent, or $10,051, of the Social Security benefits in their 2005 gross income.[6]

---

[5]Petitioners cite 20 C.F.R. sec. 416.1202 (2005) and ask whether it is relevant to their case.  It is not relevant.  The regulation relates to an individual's eligibility for Supplemental Security Income (SSI) under tit. 20 of the U.S. Code.  See 20 C.F.R. sec. 416.202 (2005).  For an individual to be eligible for SSI, the individual's resources must not exceed certain dollar amounts.  See 20 C.F.R. sec. 416.1205 (2005).  The regulation cited by petitioners defines what is included in an individual's resources for the purpose of determining eligibility for SSI.  It does not have any bearing on Federal income tax issues.

[6]In their brief and at trial petitioners questioned respondent's use of the $10,051 figure, noting that "they received no Social Security benefit in the amount of $10,051.00".  The answer is that petitioners are not required to include in income all of the $11,825 of Social Security benefits that Mr. Richmond received, only the portion of benefits determined pursuant to sec. 86, which is $11,825 x 0.85 = $10,051.

With respect to petitioners' first argument, although it is unfortunate that they may have received incorrect legal advice from an IRS employee, that advice does not have the force of law and cannot bind respondent or this Court.  See Atkin v. Commissioner, T.C. Memo. 2008-93 ("It is the statute which governs the determination of petitioners' substantive tax liability, and the statements of IRS representatives, while understandably nettlesome to petitioners, do not alter this rule. See Demirjian v. Commissioner, 54 T.C. 1691, 1701 (1970), affd. 457 F.2d 1 (3d Cir. 1972).").  "[T]he authoritative sources of Federal tax law are in the statutes, regulations, and judicial decisions", not in informal advice or publications.  Zimmerman v. Commissioner, 71 T.C. 367, 371 (1978), affd. without published opinion 614 F.2d 1294 (2d Cir. 1979).

As to petitioners' second and third arguments, the instructions to Form 1040 and Form SSA-1099 are also not authoritative sources of Federal tax law and, likewise, are not binding on respondent or the Court.  See id.  In any event, we believe that petitioners misinterpreted the instructions.[7]

---

[7]This is not to say that the instructions are a model of clarity.  They are not.  We understand how petitioners could have been confused.  Nevertheless, the instructions are not the law, and their lack of clarity does not permit us to disregard the law.

The instructions to the 2005 Form 1040 state the following on page 12:

> **Gross income** means all income you received in the form of money, goods, property, and services that is not exempt from tax, including any income from sources outside the United States (even if you can exclude part or all of it). **Do not** include Social Security benefits unless you are married filing a separate return and you lived with your spouse at any time in 2005.

The context of the language is extremely important in understanding its meaning. It appears in a chart used by taxpayers to determine whether they are required to file a return on the basis of their filing status, age, and amount of gross income. For that limited purpose, the IRS does not require taxpayers to include Social Security benefits in gross income. For the purpose of determining a taxpayer's Federal income tax liability, however, the instructions for Form 1040 for 2005 at pages 27 and 28 include a Social Security benefits worksheet and indicate that taxable Social Security benefits as determined on the worksheet must be included in gross income. Taxpayers are instructed to use the worksheet to determine how much of their benefits should be included in income. In addition, although the 2005 Form SSA-1099 states "DO NOT RETURN THIS FORM TO SSA OR IRS", that does not mean that taxpayers can exclude Social Security benefits from gross income.

Concerning their fourth argument, petitioners correctly note that Social Security benefits are not included in income for

Illinois State income tax purposes. 35 Ill. Comp. Stat. Ann. 5/203(a)(2)(L) (West 2005). This case, however, deals with petitioners' Federal income tax liability, and, as we have said, Social Security benefits are included in gross income for Federal income tax purposes.

Turning to petitioners' fifth argument, it is important to remember that it was petitioners themselves who elected to file a joint Federal income tax return. When taxpayers choose of their own volition to file a joint return, their Federal income tax is computed based on their aggregate income, i.e., the combined income earned by both taxpayers, and their aggregate deductions, exemptions, and credits. Sec. 6013(d)(3); see sec. 1.6013-4(b), Income Tax Regs. It is for this reason--and this reason alone-- that petitioners were required to combine their incomes on their 2005 Form 1040. Community property law (or respondent's alleged misinterpretation thereof) is not the culprit here. Petitioners seemed to understand this concept, having included Mr. Richmond's wage income and their respective pension distributions in their aggregate gross income. Mr. Richmond's Social Security benefits should not have been treated differently.

With respect to petitioners' final argument, Ms. Richmond's pension benefits are not being taxed twice. The taxable portion of her pension distribution is taxed once and only once. To determine how much of Mr. Richmond's Social Security benefits is

taxable under section 86, however, we are required to look at petitioners' modified adjusted gross income, which includes Ms. Richmond's pension benefits.  See sec. 86(b).  Ms. Richmond's pension benefits are not being double taxed; they are just being used to help determine how much of Mr. Richmond's Social Security benefits should be taxed.

II. Taxability of Petitioners' Interest Income

Under section 61(a)(4), interest is included in gross income.  See sec. 1.61-7(a), Income Tax Regs. ("As a general rule, interest received by or credited to the taxpayer constitutes gross income and is fully taxable.").  Although petitioners earned $165 of interest income during 2005, they argue that they should not be taxed on that income because their bank "ate up the money in fees".

We disagree with petitioners.  They earned $165 in interest income, and it was credited to their accounts.  They are therefore required to include that interest in their 2005 gross income.  Sec. 61(a)(4); sec. 1.61-7(a), Income Tax Regs.  The fact that they later paid bank fees with the $165 has no effect on whether they were required to include the interest in their 2005 gross income.

In certain situations, bank fees may be deductible under section 162 or section 212.  Petitioners have not shown, however, that either section applies.  Moreover, they have not provided

any evidence or testimony proving that they paid bank fees and, if so, how much they paid. Consequently, petitioners are not entitled to deduct any amounts they may have paid in bank fees.

III. The Child Tax Credit

Generally, section 24(a) allows a $1,000 child tax credit with respect to each qualifying child of the taxpayer. The total credits allowed under section 24(a), however, generally cannot be more than the taxpayer's tax liability. Sec. 24(b)(3). A portion of any credits disallowed because they exceeded the taxpayer's tax liability may be refunded to the taxpayer under section 24(d). The refundable amount under section 24(d) is referred to as an additional child tax credit.

On their 2005 Federal income tax return, petitioners claimed to have three qualifying children. They could not claim a $3,000 child tax credit, however, because their reported Federal income tax liability was only $1,569. Accordingly, they claimed a $1,569 child tax credit and an additional child tax credit of $1,157.

When respondent determined that Mr. Richmond's Social Security benefits and petitioners' interest income should be included in petitioners' 2005 gross income, those adjustments increased petitioners' tax liability from $1,569 to $3,309. As a result, respondent allowed petitioners a $3,000 child tax credit under section 24(a)--$1,000 per qualifying child. Because the

$3,000 child tax credit did not exceed their $3,309 tax liability, respondent did not allow an additional child tax credit under section 24(d).

Petitioners argue that respondent improperly disallowed their additional child tax credit. We disagree. Respondent's disallowance of the additional child tax credit was an automatic, computational adjustment resulting from the determination that petitioners were required to include Mr. Richmond's Social Security benefits and petitioners' interest income in their gross income. Respondent's adjustments were appropriate.[8]

IV. <u>The Earned Income Credit</u>

Section 32(a)(1) allows an eligible individual an earned income credit against the individual's income tax liability. Section 32(a)(2) limits the amount of the credit allowed. The limitation amount is based on the amount of the taxpayer's income, whether the taxpayer has qualifying children, and, if so, how many qualifying children. For 2005, eligible taxpayers who claimed joint filing status and who had two or more qualifying children are allowed no earned income credit if their adjusted

---

[8]Respondent's adjustment actually allows petitioners a larger credit (a $3,000 child tax credit) than petitioners had claimed on their 2005 return (a $1,569 child tax credit plus a $1,157 additional child tax credit). However, because respondent determined that petitioners' tax liability had increased, all of that $3,000 child tax credit is used to offset petitioners' tax liability and none is left to refund to petitioners.

gross income (or, if greater, earned income) is $37,263 or more. Rev. Proc. 2004-71, sec. 3.06(1), 2004-2 C.B. 970, 973.

Although petitioners did not claim an earned income credit on their 2005 Federal income tax return, they argue that respondent wrongly disallowed an earned income credit and now claim entitlement to a credit.[9] Petitioners are not entitled to an earned income credit. Even if petitioners were eligible taxpayers and had two or more qualifying children, they would not be entitled to an earned income credit because their 2005 adjusted gross income exceeded $37,263.[10]

For the foregoing reasons, we sustain respondent's determination of a deficiency for petitioners' 2005 tax year. The Court has considered all of petitioners' contentions, arguments, requests, and statements. To the extent not discussed herein, we conclude that they are meritless, moot, or irrelevant.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.

---

[9]The record contains a June 22, 2007, letter from respondent to petitioners that states with respect to petitioners 2005 tax year that "You are not eligible for EIC because your earned income and adjusted gross income (AGI) total is not less than $37,263.00."

[10]Petitioners themselves reported adjusted gross income of $50,083 on their 2005 return.