T.C. Summary Opinion 2010-19


UNITED STATES TAX COURT


NORMAN J. KELLEY, Petitioner $\underline{v}$.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 22639-08S.              Filed February 24, 2010.


Norman J. Kelley, pro se.

Denise A. DiLoreto, for respondent.


WHERRY, Judge:  This case was heard pursuant to the
provisions of section 7463 of the Internal Revenue Code in effect
when the petition was filed.[1]  Pursuant to section 7463(b), the
decision to be entered is not reviewable by any other court, and

_____

[1]Unless otherwise indicated, all section references are to
the Internal Revenue Code of 1986, as amended and in effect for
the tax year at issue.  The Rule reference is to the Tax Court
Rules of Practice and Procedure.

this opinion shall not be treated as precedent for any other case.

Respondent determined that petitioner is liable for a $3,388 Federal income tax deficiency for his 2006 tax year. Petitioner timely petitioned the Court to redetermine that deficiency. The issue for decision is whether $13,566 (representing 85 percent of the $15,960 in Social Security benefits that petitioner received in 2006) is includable in petitioner's 2006 gross income.

## Background

Some of the facts have been stipulated, and the stipulated facts and accompanying exhibits are hereby incorporated by reference into our findings. At the time he filed his petition, petitioner resided in West Virginia.

During 2006 petitioner received $15,960 in Social Security benefits, which was reported to respondent on Form SSA-1099, Social Security Benefit Statement. Petitioner filed a Form 1040, U.S. Individual Income Tax Return, for the 2006 tax year but did not report any "Taxable amount" from Social Security benefits.

On September 2, 2008, respondent sent petitioner a notice of deficiency indicating that he was liable for a $3,388 Federal income tax deficiency for the 2006 tax year. Petitioner, on September 15, 2008, filed a timely petition with this Court. On August 21, 2009, the parties filed a joint motion for leave to

submit case under Rule 122 and a stipulation of facts. The Court granted the motion and struck the case from the September 14, 2009, Charleston, West Virginia, trial session.

## Discussion

Since 1983, section 86 has required some taxpayers to include a portion of their Social Security benefits in their gross income for Federal income tax purposes. Reimels v. Commissioner, 123 T.C. 245, 247 (2004), affd. 436 F.3d 344 (2d Cir. 2006). Before then, Social Security benefits had not been taxed. Congress evidently believed that a change was necessary to "shore up the solvency of the Social Security trust funds and to treat 'more nearly equally all forms of retirement and other income that are designed to replace lost wages'." Id. (quoting S. Rept. 98-23, at 25 (1983), 1983-2 C.B. 326, 328). "[B]y taxing only a portion of the benefits, Congress intended to allow taxpayers some cost recovery for their contributions (i.e., for the taxes they pay into the Social Security system)." Roberts v. Commissioner, T.C. Memo. 1998-172, affd. without published opinion 182 F.3d 927 (9th Cir. 1999).

The formula for determining the portion of Social Security benefits includable in gross income is set forth in section 86. Although somewhat complex, the formula provides that a single taxpayer whose modified adjusted gross income plus one-half of his or her Social Security benefits received during the taxable

year exceeds an "adjusted base amount" of $34,000 must include 85 percent of the Social Security benefits in gross income. Sec. 86(a)(2), (c)(2).

Petitioner seems to make two arguments. First he asserts that one-half of "the amount in * * * [his] social security is * * * [his] investment/contribution" and that "since Social Security is taxed through * * * [his] original contribution * * * [i]f any of * * * [his Social Security] should be taxed, it should at most be the employer's contribution." Petitioner also argues that he was not required to include in gross income any portion of his $15,960 Social Security benefits in 2006 because all of the benefits were paid out of his contributions. Petitioner asserts that his Social Security benefits should be taxed only to the extent that the benefits he received exceed his Social Security contributions.

As explained below, we are not persuaded by any of petitioner's arguments. When section 86 was enacted, Congress, using the same logic as petitioner, set the maximum amount of taxable Social Security benefits at only one-half of the benefits received "in recognition of the fact the Social Security benefits are partially financed by the after-tax contributions of employees and self-employed individuals." Roberts v. Commissioner, supra (citing S. Rept. 98-23, supra at 26, 1983-2 C.B. at 328). However, in 1994 Congress amended section 86 to

require that a taxpayer with a modified adjusted gross income plus one-half of the Social Security benefits exceeding $34,000 (or $44,000 in the instance of a joint tax return) must include 85 percent of Social Security benefits in income. Omnibus Budget Reconciliation Act of 1993, Pub. L. 103-66, sec. 13215, 107 Stat. 475.

Second, petitioner asserted that he was not required to include in gross income any portion of his 2006 benefits because all of the benefits were paid out of his contributions. Although Congress initially concluded that Social Security benefits should be treated like other retirement benefits and taxed to the extent "'they exceed a worker's after-tax contributions'", it ultimately chose a method of taxation that differs from the manner in which other retirement benefits are taxed. Roberts v. Commissioner, supra (quoting S. Rept. 98-23, supra at 25, 1983-2 C.B. at 328). This intentional legislative decision increased revenue, increased productivity, and eliminated the complicated recordkeeping requirements associated with annuities, which allow taxpayers to exclude a share of their investment in the periodic payments.

Underlying all of petitioner's arguments is a question of fairness. However, as we said in Roberts, this Court is not a forum to judge legislation. "'Normally, a legislative classification will not be set aside if any state of facts

rationally justifying it is demonstrated to or perceived by the courts.'"  Id. (quoting United States v. Md. Sav.-Share Ins. Corp., 400 U.S. 4, 6 (1970)).  Congress had a valid and rational basis for the distinctions made in section 86.  Roberts v. Commissioner, supra.

Petitioner received $15,960 in Social Security benefits in 2006, and his modified adjusted gross income plus one-half of the Social Security benefits received exceeded $34,000.  Accordingly, under section 86, petitioner is required to include 85 percent, or $13,566, of the Social Security benefits in his 2006 gross income.

For the foregoing reasons, we sustain respondent's determination of a deficiency for petitioner's 2006 tax year. The Court has considered all of petitioner's contentions, arguments, requests, and statements.  To the extent not discussed herein, we conclude that they are meritless, moot, or irrelevant.

To reflect the foregoing,

Decision will be entered

for respondent.