T.C. Memo. 2011-59

UNITED STATES TAX COURT

DAVID DANIEL ROBISON, SR. AND LYDIA A. ROBISON, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 7765-09.                    Filed March 10, 2011.

David Daniel Robison, Sr., and Lydia A. Robison, pro sese.

<u>Carol-Lynn E. Moran</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

WELLS, <u>Judge</u>:  Respondent determined a deficiency of $2,866
in petitioners' Federal income tax for the 2006 tax year.  The
issues we must decide are whether the disability retirement
payments petitioner husband received from the U.S. Office of
Personnel Management (OPM) are excludable from petitioners'

income pursuant to section 104(a)(4), and whether respondent is barred from determining a deficiency for petitioners' 2006 tax year because he issued closing letters for previous tax years that accepted petitioners' returns as filed.[1]

FINDINGS OF FACT

Some of the facts and certain exhibits have been stipulated. The parties' stipulations of fact are incorporated in this opinion by reference and are found accordingly.  At the time they filed their petition, petitioners resided in Pennsylvania.

Petitioner David Daniel Robison, Sr. (hereinafter petitioner), served in the U.S. Marine Corps from 1966 until 1972.  From December 1966 until February 1968 he served in Vietnam, where he sustained a variety of combat-related injuries. He spent a year in the hospital and was later discharged from the Marine Corps because of his injuries.

Petitioner worked for the U.S. Postal Service from 1980 until he was forced to retire in 1992 as a result of the injuries he had sustained while serving in Vietnam.  During the years since he was forced to retire, petitioner has received a retirement annuity from OPM.  During some of those years, petitioners excluded the amount of that annuity from their gross income.  Respondent examined petitioners' returns for several of

---

[1]All section references are to the Internal Revenue Code in effect for the year in issue, unless otherwise indicated.

the years before the year in issue, and each time, respondent issued a closing letter accepting petitioners' return as filed.

During 2006, petitioner received retirement income of $14,796 from OPM. Petitioners did not report any of that income on their 2006 Federal income tax return. Petitioners contend that the entire amount is excludable from their gross income pursuant to section 104(a)(4).

OPINION

Section 104(a)(4) excludes from gross income "amounts received as a pension, annuity, or similar allowance for personal injuries or sickness resulting from active service in the Armed Forces of any country". Petitioner was forced to retire from the U.S. Postal Service because of injuries sustained while serving in the Armed Forces, and he contends that he therefore may exclude from gross income the amount he receives as a retirement annuity from OPM.

In Haar v. Commissioner, 78 T.C. 864 (1982), affd. 709 F.2d 1206 (8th Cir. 1983), this Court first addressed the question of whether an individual who retires from a civilian job because of a disability resulting from military service and receives disability payments from that civilian employer may exclude those payments from his gross income. In Haar, hearing loss sustained as a result of the taxpayer's service in the military forced him to retire from his job as an auditor with the U.S. General

Services Administration, and he subsequently received annuity payments from the Civil Service Retirement and Disability Fund. Although we noted that the ambiguous wording of section 104(a)(4) provided some superficial support for the taxpayer's exclusion, we concluded that the wording was "overshadowed" by the fact that the disability benefits under the Civil Service Retirement Act, 5 U.S.C. secs. 8331 et seq., were not designed to compensate for military injuries. Id. at 866. Rather, the cause of the disability was irrelevant when determining eligibility. Id. at 866-867. We held that, because the disability payments the taxpayer received were not paid as compensation for personal injuries or sickness incurred in military service, the taxpayer was not entitled to exclude the disability payments under section 104(a)(4). Id. at 867.

This Court has consistently followed our holding in Haar in numerous cases addressing whether various benefit payments under Civil Service and public employee disability plans were eligible for exclusion under section 104(a)(4). See Reimels v. Commissioner, 123 T.C. 245, 249-250 (2004) (and cases cited thereat), affd. 436 F.3d 344 (2d Cir. 2006). On facts very similar to those of the instant case, we previously have held that a taxpayer who contended that he was terminated by the U.S. Postal Service because of injuries he received while serving in the Armed Forces was not entitled to exclude Civil Service

disability retirement payments from his income under section 104(a)(4). See <u>French v. Commissioner</u>, T.C. Memo. 1991-417. As in <u>French</u>, we similarly conclude that petitioner is not entitled to exclude the retirement annuity payments he received from OPM from his gross income under section 104(a)(4).

Petitioner also contends that, because respondent issued closing letters and accepted petitioners' returns as filed in previous years, respondent should be barred from determining a deficiency for petitioners' 2006 tax year. However, we have held that where the Commissioner has overlooked the taxability of certain items in previous years, he is not barred from taking a different position in later years. <u>Rose v. Commissioner</u>, 55 T.C. 28, 32 (1970). Additionally, the Commissioner is not bound by a closing letter he issued for a previous year. See <u>Kiourtsis v. Commissioner</u>, T.C. Memo. 1996-534 (and cases cited therein). Consequently, we conclude that respondent is not barred from determining a deficiency against petitioners for their 2006 tax year.

In reaching these holdings, we have considered all the parties' arguments, and, to the extent not addressed herein, we conclude that they are moot, irrelevant, or without merit.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.