T.C. Memo. 2011-66

UNITED STATES TAX COURT

ROBERT KOBELL, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 20476-08.                    Filed March 17, 2011.

Robert Kobell, pro se.

<u>Tracey Leibowitz</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

FOLEY, <u>Judge</u>:  After concessions, the issue for decision is
whether petitioner is entitled to a deduction for a contribution
to an individual retirement account (IRA) relating to 2005.

FINDINGS OF FACT

Early in his career, petitioner worked in New York City and
obtained extensive experience in hedging transactions, options,

and financial derivatives. Petitioner participated in the financial markets by trading stocks and derivatives, at times with partners.

In 2005, petitioner, at age 68, contributed $4,500 to his IRA. In addition, he held corporate bonds and engaged in three stock transactions. On his 2005 Federal income tax return (2005 return), petitioner claimed a $4,500 IRA contribution deduction; listed "investor/trader" as his occupation; and reported $71,523 of corporate bond interest, $915 of dividends, and $4,908 of Social Security benefits. Petitioner reported the dividends on Schedule B, Interest and Ordinary Dividends, of his 2005 return but did not include the dividends in his gross income.

On June 9, 2008, respondent issued petitioner a notice of deficiency in which respondent determined that petitioner was not entitled to the $4,500 IRA contribution deduction and that petitioner failed to include in gross income $915 of dividends. On August 19, 2008, while residing in Florida, petitioner filed his petition with the Court. On October 14, 2008, petitioner filed an amended petition.

OPINION

Generally, a taxpayer is entitled to deduct an amount contributed to an IRA. Sec. 219(a).[1] The deduction, however,

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year in issue, and
(continued...)

shall not exceed the lesser of the deductible amount or an amount equal to the taxpayer's compensation includable in gross income. Sec. 219(b)(1), (5). Compensation includes earned income, which is defined as the net earnings from self-employment. Secs. 219(f)(1), 401(c)(2). Compensation does not include dividends and interest unless the taxpayer is a dealer in stocks or securities and the dividends and interest are received in the course of a trade or business as a dealer. Sec. 1402(a)(2).

Petitioner's 2005 income comprised Social Security benefits, dividends, and interest. Social Security benefits are not compensation. Secs. 86(f)(3), 219(f)(1). Dividends and interest are compensation only if the taxpayer is a dealer. See sec. 1402(a)(2). Petitioner held corporate bonds which produced interest, but the bonds were not held for sale to customers.[2] Moreover, he engaged in only three stock transactions, did not have any customers, and did not operate from an established place of business. See Miller v. Commissioner, 77 T.C. 97, 101-103 (1981); Kemon v. Commissioner, 16 T.C. 1026, 1032 (1951); sec.

---

[1](...continued)
all Rule references are to the Tax Court Rules of Practice and Procedure.

[2]Pursuant to sec. 7491(a), petitioner has the burden of proof unless he introduces credible evidence relating to the issue that would shift the burden to respondent. See Rule 142(a). Our conclusions, however, are based on a preponderance of the evidence, and thus the allocation of the burden of proof is immaterial. See Martin Ice Cream Co. v. Commissioner, 110 T.C. 189, 210 n.16 (1998).

1.1402(a)-5(d), Income Tax Regs.  In short, petitioner was not a dealer, had no compensation, and is not entitled to a deduction for his IRA contribution.  Accordingly, we sustain respondent's determinations.

Contentions we have not addressed are irrelevant, moot, or meritless.

To reflect the foregoing,

<u>Decision will be entered under Rule 155</u>.