**PURSUANT TO INTERNAL REVENUE CODE SECTION 7463(b),THIS OPINION MAY NOT BE TREATED AS PRECEDENT FOR ANY OTHER CASE.**

T.C. Summary Opinion 2014-92

UNITED STATES TAX COURT

ALEX HALO, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 23774-12S.                    Filed September 11, 2014.

Alex Halo, pro se.

Sandy Halo (specially recognized), for petitioner.

<u>Daniel C. Munce</u>, for respondent.

SUMMARY OPINION

WHALEN, <u>Judge</u>:  The case was heard pursuant to the provisions of section

7463 of the Internal Revenue Code in effect when the petition was filed.  Pursuant

to section 7463(b), the decision to be entered is not reviewable by any other court,

and this opinion shall not be treated as precedent for any other case.  Unless

otherwise indicated, all subsequent section references are to the Internal Revenue Code in effect for 2010, the taxable year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. Petitioner asks the Court to redetermine a deficiency of $2,100 in his income tax for 2010. There are two issues for decision by the Court. The first is whether petitioner is allowed a deduction of $3,000 under section 219(a) for the aggregate amount he contributed to an individual retirement account (IRA). The second issue is whether petitioner is entitled to exclude from gross income the entire amount of Social Security benefits he received during taxable year 2010, totaling $34,346.50.

## Background

Petitioner was approximately 50 years of age at the end of 2010. During that year petitioner did not earn any wages, salaries, professional fees, or other amounts derived from, or received for, personal service actually rendered. Petitioner was unemployed for the entire year, and he received unemployment compensation totaling $24,304. Petitioner also received taxable interest income during the year totaling $170.55. Finally, petitioner received Social Security benefits during the year totaling $34,346.50. Of that amount, $7,554 was paid in 2010 for 2009, and $11,688 was paid in 2010 for other tax years.

Petitioner filed a timely Form 1040A, U.S. Individual Income Tax Return, for taxable year 2010. On the return, petitioner stated that his occupation was "unemployed warehouse worker". He reported total income of $24,474.55 comprising taxable interest of $170.55 and unemployment compensation of $24,304. Petitioner reported none of the Social Security benefits that he received during 2010. During the year petitioner made aggregate retirement contributions of $3,000 to an IRA. On his return, he claimed an IRA deduction of $3,000. After deducting that amount, he reported adjusted gross income of $21,474.55.

## Discussion

### 1. Petitioner's Claimed IRA Deduction

As a preliminary matter, we note that deductions are strictly a matter of legislative grace. The general rule is that a taxpayer bears the burden of proving his or her entitlement to the claimed deductions. Rule 142(a)(1); see New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). Furthermore, the taxpayer is required to maintain records sufficient to substantiate each deduction claimed. See sec. 6001; sec. 1.6001-1(a), Income Tax Regs.

In certain limited circumstances, section 7491(a)(1) shifts to the Commissioner the burden of proof with respect to factual issues relevant to ascertaining a taxpayer's tax liability. Section 7491 does not affect our analysis in

this case because there are no factual issues as to which our holding depends upon which party bears the burden of proof.

Generally, an individual is entitled to a deduction equal to the qualified retirement contributions of the individual for the taxable year. Sec. 219(a); sec. 1.219-1(a), Income Tax Regs. A qualified retirement contribution is defined by section 219(e) to include "any amount paid in cash for the taxable year by or on behalf of an individual to an individual retirement plan for such individual's benefit". An individual retirement plan means an individual retirement account, described in section 408(a), and an individual retirement annuity, described in section 408(b). Sec. 7701(a)(37).

The maximum amount allowable as a deduction under section 219(a) to an individual for any taxable year cannot exceed the lesser of "the deductible amount" or an amount equal to the "compensation" includible in the individual's gross income for such taxable year. Sec. 219(b)(1). For taxable year 2010 the deductible amount is $5,000 plus a catch-up contribution of $1,000 for individuals age 50 or older. See sec. 219(b)(5).

As a result of the limitation set forth in section 219(b)(1)(B), the maximum amount deductible under section 219(a) cannot exceed the amount of

compensation reported by the taxpayer for the taxable year. The term

"compensation" is defined by section 219(f)(1), in pertinent part, as follows:

> (1) Compensation.--For purposes of this section, the term "compensation" includes earned income (as defined in section 401(c)(2)). The term "compensation" does not include any amount received as a pension or annuity and does not include any amount received as deferred compensation. * * * For purposes of this paragraph, section 401(c)(2) shall be applied as if the term trade or business for purposes of section 1402 included service described in subsection (c)(6). * * *

Also, see section 86(f)(3), which provides that "any social security benefit shall be

treated as an amount received as a pension or annuity."

The term "compensation" is further defined in section 1.219-1(c)(1), Income

Tax Regs., as follows:

> (1) Compensation.--For purposes of this section, the term "<u>compensation</u>" means wages, salaries, professional fees, or other amounts derived from or received for personal service actually rendered (including, but not limited to, commissions paid salesmen, compensation for services on the basis of a percentage of profits, commissions on insurance premiums, tips, and bonuses) and includes earned income, as defined in section 401(c)(2), but does not include amounts derived from or received as earnings or profits from property (including, but not limited to, interest and dividends) or amounts not includible in gross income. [Emphasis added.]

Section 401(c)(2), referred to in section 219 and section 1.219-1(c)(1), Income

Tax Regs., provides that the term "earned income" generally means net earnings

from self-employment.

During 2010 petitioner had no wages, salaries, or other amounts received for personal services. During that year he was not engaged in a trade or business; he filed no Schedule C, Profit or Loss From Business, with his income tax return; and he had no net earnings from self-employment. Accordingly, petitioner had no "compensation" that was includible in his gross income for 2010. See Kobell v. Commissioner, T.C. Memo. 2011-66 (holding that the term "compensation" does not include Social Security benefits, secs. 86(f)(3), 219(f)(1), nor does it include interest unless the interest is received in the course of a trade or business as a dealer in stocks and securities, sec. 1402(a)(2)); Russell v. Commissioner, T.C. Memo. 1996-278 (holding that unemployment benefits received by the taxpayer do not constitute "compensation" for purposes of calculating the allowable deduction for a contribution to an IRA under section 219). Therefore, the maximum amount allowable to petitioner as a deduction under section 219(a) for taxable year 2010 is zero. See sec. 219(b)(1).

2. Inclusion of Social Security Benefits in Gross Income

Gross income includes all income from whatever source derived unless excluded from gross income by a provision of the Internal Revenue Code. See sec. 61(a). In the case of Social Security benefits, the amount included in gross income, if any, is determined in accordance with the formula set forth in section

86. Under that formula, a portion of the benefits is includible in gross income if the sum of the taxpayer's modified adjusted gross income, as defined by section 86(b)(2), plus one-half of the amount of Social Security benefits received, exceeds certain threshold amounts, the base amount and the adjusted base amount. See sec. 86(a). In petitioner's case, these threshold amounts are $25,000 and $34,000, respectively. Sec. 86(c)(1)(A), (2)(A).

As applied to petitioner for 2010, modified adjusted gross income, $24,474.55, plus one-half of the Social Security benefits he received, $17,173.25, exceeds the "adjusted base amount", $34,000, by $7,647.80. See appendix infra p. 10. Accordingly, the portion of petitioner's Social Security benefits that is includible in gross income is determined as provided in section 86(a)(2). That provision requires petitioner to include in gross income the lesser of (A) or (B) computed as follows: (A) the sum of (i) 85% of the above excess, $6,500.63, plus (ii) the lesser of the amount determined under section 86(a)(1), $8,323.90, or one-half of the difference between petitioner's adjusted base amount and his base amount, $4,500; or (B) 85% of the Social Security benefits received during the taxable year, $29,194.53. See sec. 86(a)(2). Pursuant to that formula, $11,000.63 is includible in petitioner's gross income for 2010 (i.e., $6,500.63 plus $4,500). See appendix.

In 2010 petitioner received Social Security benefits amounting to $34,346, but, contrary to the mandate of section 86, he did not include any portion of these benefits in gross income. Respondent determined in the notice of deficiency that $11,000 of the benefits petitioner received is includible in gross income. The notice does not show how that amount was computed, but respondent's computation is in accord with the formula in section 86. See the computation of the amount includible as set forth in the appendix.

Petitioner does not take issue with respondent's computation of the amount of taxable benefits under section 86. Petitioner's position is that the entire amount received during 2010 consists of disability benefits, and consequently no part of the amount received is subject to tax. Petitioner does not point to any provision of the Internal Revenue Code, such as section 104, as authority for his position.

The nature of petitioner's disability is not clearly set out in the record, but it is conceded by respondent, and it is accepted by the Court for purposes of this case. Assuming arguendo that the Social Security benefits received by petitioner during 2010 and reported on the Form SSA-1099, Social Security Benefit Statement, in the amount of $34,346.50 are disability benefits, as petitioner claims, our analysis of the amount includible in petitioner's gross income remains unchanged.

For purposes of section 86, the term "social security benefit" is defined to mean any amount received by a taxpayer by reason of entitlement to a monthly benefit under title II of the Social Security Act. Sec. 86(d)(1)(A). Title II of the Social Security Act provides for old-age, survivors, and disability benefits. See 42 U.S.C. secs. 401-434 (2000), including sec. 423, providing for disability insurance benefit payments. Therefore, amounts received as Social Security disability benefits are Social Security benefits for purposes of section 86 and are includible in the taxpayer's income, as provided by that section. See, e.g., Reimels v. Commissioner, 123 T.C. 245, 247-248 (2004), aff'd, 436 F.3d 344 (2d Cir. 2006); Watts v. Commissioner, T.C. Memo. 2009-103, slip op. at 24; Joseph v. Commissioner, T.C. Memo. 2003-19, slip op. at 11; Thomas v. Commissioner, T.C. Memo. 2001-120, slip op. at 4.

Upon consideration of the foregoing,

Decision will be entered for respondent.

APPENDIX

Computation of amount of social security benefits includible in gross income

| | Base amount | Adjusted base amount |
|---|---|---|
| Sec. 86(b)(1)(A)(i) Modified AGI | $24,474.55 | $24,474.55 |
| Soc. Sec. benefits $34,346.50 | | |
| Sec. 86(b)(1)(A)(ii) 50% Soc. Sec. benefits | 17,173.25 | 17,173.25 |
| Sec. 86(b)(1)(A)  total | 41,647.80 | 41,647.80 |
| Sec. 86(c)(1)(A)  base amount | 25,000.00 | |
| Sec. 86(c)(2)(A)  adjusted base amount | | 34,000.00 |
| Excess described in sec. 86(b)(1) | 16,647.80 | Excess described in sec. 86(a)(2) 7,647.80 |
| Lesser of: | | |
| Sec. 86(a)(1)(A) | 17,173.25 | |
| Sec. 86(a)(1)(B) 1/2 excess | 8,323.90 | |

Amount includible is the lesser of:
(A) the sum of:

| | Base amount | Adjusted base amount |
|---|---|---|
| Sec. 86(a)(2)(A)(i) 85% of excess | | (i) 6,500.63 |
| | | plus |
| Sec. 86(a)(2)(A)(ii) lesser of: | | (ii) lesser of: |
| Amount determined under sec. 86(a)(1) | | $8,323.90 |
| 1/2 ($34,000 less $25,000) | | 4,500.00   4,500.00 |
| 85% Soc. Sec. benefits | | or (B) 29,194.53 |
| Amount of Social Security benefits includible in gross income | | 11,000.63 |