T.C. Summary Opinion 2019-32

UNITED STATES TAX COURT

TERESA G. MURPHY, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 21517-17SL.                    Filed October 15, 2019.

Teresa G. Murphy, pro se.

<u>Jeri L. Acromite</u>, <u>Nancy C. Carver</u>, and <u>Gretchen W. Altenburger</u>, for respondent.

SUMMARY OPINION

NEGA, <u>Judge</u>:  This case was heard pursuant to the provisions of section

7463 of the Internal Revenue Code in effect when the petition was filed.[1]

_____

[1]Unless otherwise indicated, all section references are to the Internal

(continued...)

Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

This case was commenced in response to a Notice of Determination Concerning Collection Action(s) Under Section(s) 6320 and/or 6330 (notice of determination) that sustained a Final Notice of Intent to Levy and Notice of Your Right to a Hearing (notice of intent to levy) with respect to petitioner's unpaid Federal income tax liability for 2014 (year at issue).

The issues for decision are: (1) the extent to which petitioner's Social Security benefits must be included in her gross income for the year at issue and (2) whether respondent abused his discretion in sustaining the proposed levy.

Background

Petitioner resided in Colorado when she filed her petition.

During the year at issue petitioner, a calendar year taxpayer with a filing status of single, received income totaling $64,723, of which $23,891 was Social Security benefits. On July 1, 2015, petitioner untimely filed Form 1040, U.S. Individual Income Tax Return, for 2014 and attached Schedule A, Itemized

---

[1](...continued)
Revenue Code in effect for the year at issue. All dollar amounts are rounded to the nearest dollar.

Deductions. Petitioner reported $9,479 of her Social Security benefits as subject to tax. She remitted payment for the tax due as calculated on that return.

Respondent issued a math error notice to petitioner for the reported taxable amount of her Social Security income and changed her taxable Social Security benefits income from $9,479 to $20,307, or 85% of $23,891. As a result of this adjustment, respondent determined a balance of $2,315, comprising unpaid tax, an addition to tax under section 6651(a), and interest (collectively, unpaid balance). Petitioner failed to remit payment for this amount.

On May 1, 2017, respondent mailed to petitioner a notice of intent to levy. In response petitioner timely filed a Form 12153, Request for a Collection Due Process or Equivalent Hearing (CDP hearing request). In her CDP hearing request petitioner contested respondent's adjustment.

On August 30, 2017, petitioner and a settlement officer (SO) from the Internal Revenue Service Office of Appeals (Appeals Office) participated in the requested CDP hearing.[2] During the hearing petitioner raised the issue of her

---

[2]On July 18, 2017, the SO mailed petitioner a letter scheduling a conference for August 30, 2017. This letter incorrectly stated that respondent had made a computation error in determining petitioner's taxable Social Security benefits, and attached a 2014 taxable Social Security benefits worksheet reflecting the correction of this purported error. During the hearing the SO informed petitioner that this worksheet was sent in error and that respondent's initial computation as

(continued...)

underlying liability. Petitioner asserted to the SO that, per a lawyer with whom she consulted, she was not liable for the additional amount determined by respondent. Petitioner further stated that Cigna, petitioner's employer-provided disability insurer, concluded that 60% of her employer-provided disability benefits were nontaxable. She also read material to the SO concerning the taxability of her employer-provided disability benefits. This material was submitted to the SO. Petitioner appeared to argue that a portion of her Social Security benefits ought to be treated as nontaxable because her employer-provided disability plan had the right to reduce the employer-provided disability benefits by the amount of her Social Security benefits.[3] The SO concluded that none of the evidence presented or arguments raised by petitioner went to the merits of the underlying liability.

---

[2](...continued)
to petitioner's taxable Social Security benefits was correct.

[3]At trial petitioner argued that a portion of her Social Security benefits ought to be treated as nontaxable because her employer-provided disability plan had the right to reduce the benefits it paid to the extent she received Social Security disability benefits. This, in petitioner's view, rendered a portion of the Social Security benefits she received nontaxable income. We find this argument unpersuasive and without merit. Also at trial petitioner furnished documentation showing payments made to the State of Colorado and Colorado tax accounts for the year at issue but relating to payments made in years after the year at issue. Petitioner appeared to argue that the payments reflected on these documents affected her unpaid balance for the year at issue. We find these payments do not affect the underlying liability.

The SO then informed petitioner that the portion of her Social Security benefits in dispute was not excludable from her gross income and that the corrections in the math error notice were correct.

Afterwards, petitioner submitted several documents to the SO. These included: (1) a document from petitioner's employer-provided disability provider concerning her income from private insurance, (2) a Form SSA-1099, Social Security Benefit Statement, and (3) a page from a textbook discussing tax-free health and accident coverage under employer plans.

After review of the submitted documents and some additional correspondence with petitioner, the SO again concluded that petitioner was liable for the unpaid balance as previously determined. The SO noted that petitioner did not request collection alternatives, and the record reflects that no issues were raised other than the challenge to the liability. On September 26, 2017, respondent issued a notice of determination sustaining the proposed levy to collect petitioner's unpaid balance for the year at issue.

Pursuant to section 6330(d)(1), on October 16, 2017, petitioner timely filed a petition seeking review of respondent's determination to sustain the proposed levy for the year at issue. That petition alleged that respondent erred in determining the amount of taxable Social Security benefits. In particular,

petitioner alleged that respondent incorrectly identified her Social Security disability benefits as Social Security retirement benefits.

Discussion

Section 6330 requires the Commissioner to notify a taxpayer if he intends to levy on that taxpayer's property. The notice must inform the taxpayer of his or her right to a CDP hearing regarding the proposed collection action. Sec. 6330(a). In a CDP hearing taxpayers may raise any relevant issue or request the consideration of a collection alternative. Sec. 6330(c)(2)(A). Taxpayers may not challenge the existence or amount of the underlying tax liability unless they did not otherwise have an opportunity to do so. Sec. 6330(c)(2)(B). Once the Commissioner issues a notice of determination at the conclusion of the CDP hearing, the taxpayer may seek judicial review by filing a petition with this Court. Sec. 6330(d).

This Court's review of the Appeals Office's determination is limited to those issues that the taxpayer properly raised at the CDP hearing, with the exception that we must review whether the Appeals Office verified that the requirements of any applicable law or administrative procedure have been met. See Hoyle v. Commissioner, 131 T.C. 197, 202-203 (2008), supplemented by 136 T.C. 463 (2011); sec. 301.6330-1(f)(2), Q&A-F3, Proced. & Admin. Regs. When the underlying tax liability was properly at issue in the CDP hearing, we review

the Commissioner's determination de novo.  Sego v. Commissioner, 114 T.C. 604,

610 (2000).  Other administrative determinations made during the CDP hearing

are reviewed for an abuse of discretion.  Craig v. Commissioner, 119 T.C. 252,

260 (2002).  An abuse of discretion is shown only if the action of the Appeals

Office was arbitrary, capricious, or without sound basis in fact or law.  See

Giamelli v. Commissioner, 129 T.C. 107, 111 (2007).

I.      Petitioner's Underlying Liability

With respect to petitioner's claim regarding the underlying liability, we

review petitioner's liability de novo.  See Goza v. Commissioner, 114 T.C. 176,

181-182 (2000).

Petitioner appears to argue that her Social Security benefits are in part

exempt from taxation because her employer-provided disability benefits are

reduced by the amount of her Social Security disability benefits.  Petitioner also

seems to argue that there is a difference in tax treatment of her Social Security

disability benefits and Social Security retirement benefits.  Therefore, petitioner

alleges that respondent erred in determining the proper amount of taxable Social

Security benefits.

Section 86 provides that a taxpayer's gross income will include up to 85%

of any Social Security benefit received by a taxpayer during his or her taxable

year, so long as the taxpayer's modified adjusted gross income exceeds the threshold established under that section. In 2014 for single taxpayers, section 86 provides that a taxpayer whose modified adjusted gross income plus one-half of the Social Security benefits received exceeds an "adjusted base amount" of $34,000 must include 85% of the Social Security benefits in gross income. Sec. 86(a)(2), (c)(2); Reimels v. Commissioner, 123 T.C. 245, 247 (2004), aff'd, 436 F.3d 344 (2d Cir. 2006). Thus, for purposes of establishing a taxpayer's gross income, there is no distinction between Social Security retirement benefits and Social Security disability benefits, as both are included in the calculation of gross income under section 86. Id.

For 2014 petitioner's modified adjusted gross income plus one-half of the Social Security benefits she received exceeded the "adjusted base amount" and she was appropriately required to include 85% of her Social Security benefits received in taxable income. It is unclear how petitioner calculated the amount of taxable Social Security benefits that she reported. Petitioner did not offer into the record any credible testimony or documents that might otherwise establish that the income at issue was otherwise exempt or otherwise ought to be excluded from income. Accordingly, on the record before us, we hold that petitioner's Social

Security benefits are subject to the terms of section 86 and must be included in her gross income.

## II.     Abuse of Discretion

Petitioner has not advanced any argument or set forth any specific facts that would allow us to conclude that the Appeals Office erred in its determination. Petitioner did not, at her CDP hearing or before this Court, argue that she was wrongly denied consideration for any collection alternative or that the SO otherwise committed an abuse of discretion in arriving at her determination to sustain the proposed levy.  The SO addressed the lone issue petitioner raised.  The SO confirmed that the math error notice was not in error and that the assessment undertaken pursuant thereto was proper.  The SO confirmed that respondent complied with all legal, administrative, and procedural requirements in assessing and initiating action to collect petitioner's unpaid balance for the year at issue.

## III.    Conclusion

In the light of our findings above, we hold that respondent's determination is not in error and we sustain the notice of determination.  We have considered all the other arguments of the parties, and to the extent not discussed above, find those arguments to be irrelevant, moot, or without merit.

To reflect the foregoing,

Decision will be entered for

respondent.