T.C. Memo. 2008-93

UNITED STATES TAX COURT

BLAKE SIME ATKIN AND SUSAN M. ATKIN, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 5266-05.                    Filed April 10, 2008.

Blake Sime Atkin and Susan M. Atkin, pro sese.

Richard W. Kennedy, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

VASQUEZ, Judge:  Respondent determined a $10,096 deficiency
in petitioners' 2002 Federal income tax and a $2,019 section

6662(a) penalty.[1]  After a concession,[2] the issues remaining for decision are:  (1) Whether a $25,000 Simplified Employee Pension Individual Retirement Account (SEP-IRA) distribution received by Blake S. Atkin (Mr. Atkin) in 2002 is includable in income in 2002 (the distribution), (2) whether the 10 percent additional tax pursuant to section 72(t) applies to the distribution, and (3) whether petitioners are liable for an accuracy-related penalty pursuant to section 6662(a) for 2002.

### FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference.  At the time they filed the petition, petitioners resided in Utah.

In December 2002 Mr. Atkin was 45 years old when he requested and received the distribution of $25,000 from his SEP-IRA.  Mr. Atkin, the sole shareholder of an incorporated law firm, deposited the distribution into his law firm's operating account.  On January 17, 2003, within 60 days of depositing the distribution, Mr. Atkin instructed his law firm's bookkeeper to write a $25,000 check and mail it to Scott Barben (Mr. Barben), a

---

[1]  Unless otherwise indicated, all section references are to the Internal Revenue Code, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[2]  Petitioners concede that $270 in wages Mr. Atkin received from the State of Utah in 2002 are taxable.

broker who Mr. Atkin instructed to roll the funds over into a new individual retirement account (IRA). Mr. Barben never received the funds. Consequently, Mr. Barben never opened a new IRA for Mr. Atkin.

Petitioners did not report the distribution on their timely filed 2002 Form 1040, U.S. Individual Income Tax Return, or their 2002 Form 1040X, Amended U.S. Individual Income Tax Return. In 2006, Mr. Atkin segregated $25,000 from his law firm's operating account into a separate non-interest-bearing account. As of the date of trial, petitioners had not deposited the distribution into an IRA. Petitioners did not spend any of the distribution on any expense that qualifies as an exception pursuant to section 72(t)(2).

## OPINION

Petitioners have neither claimed nor shown that they satisfied the requirements of section 7491(a) to shift the burden of proof to respondent with regard to any factual issue. Accordingly, petitioners bear the burden of proof. See Rule 142(a).

I.  IRA Distribution Includable In Gross Income

   A.  60-Day Requirement

Petitioners stipulated that they received a SEP-IRA distribution of $25,000 in 2002.[3]  Generally, a distribution from an IRA is includable in the distributee's income in the year of distribution as provided in section 72.  Sec. 408(d)(1); Schoof v. Commissioner, 110 T.C. 1, 7 (1998).  Section 408(d)(3) provides an exception to this rule for rollover contributions. To qualify as a rollover contribution, an IRA distribution must be rolled over pursuant to section 408(d)(3) within 60 days of receipt (the 60-day requirement).  Sec. 408(d)(3); Smithsi v. Commissioner, T.C. Memo. 1981-652; Handy v. Commissioner, T.C. Memo. 1981-411.

Petitioners argue that they were unaware that they did not roll over the SEP-IRA distribution within the 60-day requirement until they received the deficiency notice from respondent on January 24, 2005.  Upon becoming aware of the failed rollover, Mr. Atkin requested that his law firm's current bookkeeper, Ms. Heidi Atkin[4] (Ms. Atkin) inquire into the status of the $25,000 check that Mr. Atkin's prior bookkeeper had written.  In an affidavit Ms. Atkin stated that a $25,000 check was written but

---

[3]  For purposes of this case, the distinctions between a SEP-IRA and an IRA are not relevant.

[4]  Ms. Atkin is petitioners' daughter-in-law.

never cashed.  In an affidavit Mr. Barben stated that he never received any funds from Mr. Atkin.

Petitioners rely on Wood v. Commissioner, 93 T.C. 114 (1989), in arguing that the distribution is excludable from their gross income even though they failed to meet the 60-day requirement.  In Wood, the Court held that the taxpayers' rollover of stock into an IRA was timely even though the IRA trustee recorded the stock in the wrong account and did not correct this error until approximately 4 months after the 60-day requirement had expired.  Id.  In holding that the taxpayers had effected a rollover of the distribution within the 60-day requirement, the Court noted that within 60 days of the distribution, the taxpayers had opened the IRA, delivered the stock to the trustee, instructed the trustee to roll over the stock into the IRA, and been assured by the trustee that the rollover would be consummated as instructed.  Id.  In Wood the failed rollover occurred as a result of a clerical error on the part of the broker.  The facts in this case are distinguishable from those in Wood.  Mr. Atkin waited over 2 years before inquiring into the status of the distribution.  Mr. Atkin claims that the check was lost in the mail and thus the failed rollover was not his fault.  Whether the check was lost in the mail is not dispositive.  Mr. Atkin should have been alert to the fact that he never received a statement regarding the IRA account he

thought he had opened, never discussed investment strategies with Mr. Barben, and never noticed that the $25,000 had not been withdrawn from his law firm's operating account.

### B. Amendment Allowing Waiver of 60-Day Requirement

After petitioners discovered the $25,000 check was not cashed, they asked Internal Revenue Service (IRS) representatives what options were available to correct the failed rollover. According to petitioners, the IRS representatives told them that nothing could be done to correct the failed rollover and their only recourse would be to petition the Court regarding the deficiency. During petitioners' research for trial they discovered that section 408(d)(3)(I)[5] granted the Secretary the authority to waive the 60-day requirement. However, as of the date of trial, petitioners had not applied to the Secretary for a waiver of the 60-day requirement.

### C. Advice of IRS Representatives

The fact that petitioners may have received inaccurate advice from IRS representatives after the 60-day rollover period does not alter the result herein. See Smithsi v. Commissioner, supra. It is the statute which governs the determination of

---

[5] Sec. 408(d)(3)(I) provides: "[t]he Secretary may waive the 60-day requirement [on rollovers and partial rollovers] where the failure to waive such requirement would be against equity or good conscience, including casualty, disaster, or other events beyond the reasonable control of the individual subject to such requirement."

petitioners' substantive tax liability, and the statements of IRS representatives, while understandably nettlesome to petitioners, do not alter this rule.  See <u>Demirjian v. Commissioner</u>, 54 T.C. 1691, 1701 (1970), affd. 457 F.2d 1 (3d Cir. 1972).

Accordingly, we conclude the distribution petitioners received in 2002 is taxable as ordinary income.

## II.  <u>Section 72(t)</u>

Section 72(t) provides for a 10-percent additional tax on early distributions from a qualified retirement plan. Petitioners stipulated that they did not spend the distribution on any expense that qualifies for an exception under section 72(t) and that Mr. Atkin was only 45 at the time of the distribution.  Accordingly, the distribution to petitioners is subject to the 10-percent additional tax pursuant to section 72(t)(1).

## III.  <u>Accuracy-Related Penalty</u>

Respondent determined petitioners are liable for an accuracy-related penalty pursuant to section 6662(a) of $2,019 for 2002.  Respondent determined that petitioners' entire underpayment of tax for 2002 was attributable to negligence or disregard of rules or regulations, and/or a substantial understatement of income tax.

Pursuant to section 6662(a) and (b)(1) and (2), taxpayers may be liable for a penalty of 20 percent of the portion of an

underpayment of tax (1) due to negligence or disregard of rules or regulations, or (2) attributable to a substantial understatement of income tax. The term "negligence" in section 6662(b)(1) includes any failure to make a reasonable attempt to comply with the Internal Revenue Code and any failure to keep adequate books and records or to substantiate items properly. Sec. 6662(c); sec. 1.6662-3(b)(1), Income Tax Regs. Negligence has also been defined as the failure to exercise due care or the failure to do what a reasonable person would do under the circumstances. See Allen v. Commissioner, 92 T.C. 1, 12 (1989), affd. 925 F.2d 348, 353 (9th Cir. 1991); Neely v. Commissioner, 85 T.C. 934, 947 (1985). The term "disregard" includes any careless, reckless, or intentional disregard. Sec. 6662(c). The term "understatement" means the excess of the amount of tax required to be shown on a return over the amount of tax imposed which is shown on the return, reduced by any rebate (within the meaning of section 6211(b)(2)). Sec. 6662(d)(2)(A). Generally, an understatement is a "substantial understatement" when the understatement exceeds the greater of $5,000 or 10 percent of the amount of tax required to be shown on the return. Sec. 6662(d)(1)(A).

The Commissioner has the burden of production with respect to the accuracy-related penalty. Sec. 7491(c). To meet this burden, the Commissioner must produce sufficient evidence

indicating that it is appropriate to impose the penalty. See Higbee v. Commissioner, 116 T.C. 438, 446 (2001). Once the Commissioner meets this burden of production, the taxpayers must come forward with persuasive evidence that the Commissioner's determination is incorrect. Rule 142(a); see Higbee v. Commissioner, supra at 447. The taxpayers may meet this burden by proving that they acted with reasonable cause and in good faith with respect to the underpayment. See sec. 6664(c)(1); see also Higbee v. Commissioner, supra at 447; sec. 1.6664-4(b)(1), Income Tax Regs.

Respondent satisfied the burden of production. Petitioners' 2002 income tax return contains an understatement of tax greater than $5,000 and greater than 10 percent of the amount of tax required to be shown on the return. See sec. 6662(d)(1)(A). Petitioners bear the burden of proving that with respect to the resulting underpayment they acted with reasonable cause and in good faith. See sec. 6664(c)(1); Higbee v. Commissioner, supra at 447.

Petitioners argue that the accuracy-related penalty should not be imposed because they were unaware that the check was not cashed and that the IRA was not opened. We disagree and find that petitioners failed to exercise due care or to act as a reasonable person would under the circumstances. Petitioners were allegedly unaware that the $25,000 check was not cashed

until respondent brought it to their attention after years had passed. Petitioners never received monthly statements from the IRA and never followed up with Mr. Barben to make sure that he had opened the IRA. Further, Mr. Atkin should have been aware that his law firm's operating account had $25,000 more than he thought it should have. After Mr. Atkin told his bookkeeper to write a check to open an IRA, he took no steps to follow up in over 2 years. Accordingly, we sustain respondent's determination as to the accuracy-related penalty pursuant to section 6662(a) for 2002.

In reaching all of our holdings herein, we have considered all arguments made by the parties, and to the extent not mentioned above, we conclude they are irrelevant or without merit.

To reflect the foregoing,

<u>Decision will be entered for respondent</u>.